UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD JOHNSON INTERNATIONAL, INC.,** : : : **Plaintiff,** : : **v.** : : **SSR, INC., et. al.** : : **Defendants.** : : | Civil Action No. 14-4611 (KM) **OPINION & ORDER** |

**CLARK, United States Magistrate Judge**

  **THIS MATTER** comes before the Court upon Defendants' SSR and Kanigiri Gade (collectively, "Defendants") cross-motion to vacate default against all Defendants. (Dkt. No. 10). Plaintiff Howard Johnson International ("HJI" or "Plaintiff") filed an opposition to this motion. (Dkt. No. 11). The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to the motions, and considers the same without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion to vacate default is **GRANTED.**

  **I. BACKGROUND**

  This matter arises out of a franchise agreement dated September 3, 2010 between HJI and SSR for the operation of a 100-room Howard Johnson hotel for a fifteen-year term. (Dkt. No. 8-3, Ex. A). On or about July 23, 2014, Plaintiff Howard Johnson filed a Complaint against Defendants alleging, *inter alia*, breach of contract and a violation of section 32 of the Lanham Act, 15 U.S.C §1114(1)(a), as a result of Defendants' alleged

failure to meet financial obligations in accordance with the franchise agreement between the parties. (Dkt. No. 1).

On September 2, 2014, Plaintiff filed a summons purporting to have personally served Defendant Kangiri Gade both individually and on behalf of corporate Defendant, SSR, Inc., on August 12, 2014 at 1381 Masoma Rd, North Brunswick, NJ. (Dkt. No. 6). On October 13, 2014, Plaintiff requested entry of default against Defendants as a result of Defendants failure to plead or otherwise defend the suit. (Dkt. No. 7). The Clerk's Office entered default on October 14, 2014 and a copy of the default was mailed to Defendants at the above address. (Dkt. No. 8-2, Ex. A).

On December 8, 2014, Plaintiff filed a Motion for Final Judgment by Default requesting judgment in the amount of $398,319.83 for liquid damages, recurring fees, Lanham Act damages, attorney's fees and costs. (Dkt. No. 8). On February 25, 2015, Defendants filed the instant cross-Motion to Vacate Default and opposition to Plaintiff's Motion for Final Judgment by Default. (Dkt. No. 10). Defendants claim to have not received any papers regarding this matter until late January 2015. (Dkt. No. 10). Plaintiff opposes the motion. (Dkt. No. 11.)

## II.   LEGAL STANDARD

The Third Circuit has expressed a strong preference for deciding cases on the merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). As a general matter, entry of default is disfavored in the Third Circuit, and all doubts should be resolved in favor of setting aside the default. *See Lorenzo v. Griffith*, 12 F.3d 23, 27 n.4 (3d Cir. 1993); *U.S. v $55, 518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Under the Federal Rules of Civil Procedure, a district court "may set aside an entry of default for good cause . . . ."

FED. R. CIV. P. 55(c).  In considering a motion to set aside a default, a district court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  *Miles v. Aramark Corr. Serv.*, 236 F. App'x. 746, 751 (3d Cir. 2007) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)).

### III. DISCUSSION

Defendants contend that the entry of default should be vacated because the factors weigh in Defendants' favor.  (Dkt. No. 10).  Defendants claim they have a meritorious defense, that Plaintiff will not suffer prejudice, and that service was improper.  (*Id.*) Plaintiff opposes Defendants' request to vacate default.  (Dkt. No. 11).

First, the Court finds that Plaintiff will not be prejudiced by vacating default. "[L]oss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgement" may support a finding of prejudice.  *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir. 1982).  Plaintiff has not suggested any reliance or loss of evidence that would prejudice its claim if default is vacated.  Allowing Defendants to answer the Complaint will allow the Court to reach a decision on the merits of this case.  Accordingly, the Court finds that Plaintiff will not be prejudiced.

Next, the Court finds that Defendants have made a prima facie showing of a meritorious defense through their answer.  Defendants' answer largely neither admits nor denies the allegations in Plaintiff's Complaint and asserts twenty-three affirmative defenses.  While these defenses ultimately may be unsuccessful, it is the preference of the Court to allow claims to be heard on the merits.  *See Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 147 (D.N.J. 2001).

Finally, the Court finds that default was not a result of Defendants' culpable conduct. Plaintiff contends that Defendants have demonstrated culpable conduct through their willful and repeated course of inaction with regard to the defense of this action. Defendants, however, claim they were improperly served and therefore unaware of the action until late January 2015. The Court will apply the general rule that "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 493 (3d Cir. 1993).

Plaintiff contends that Gade was personally served at 1381 Masoma Road, North Brunswick, NJ ("North Brunswick property"). (Dkt. No. 6). Plaintiff points to the signed return of service showing that Defendant Gade was personally served with the Complaint and Summons at the North Brunswick property both individually, and on behalf of corporate defendant SSR. (Dkt. No. 10-1, at 4). A signed return of service generally serves as *prima facie* evidence giving rise to a presumption of valid service. *See, e.g.*, *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971) (stating that "although a marshal's return is not conclusive on the question of service on an agent, it will stand in the absence of proof to the contrary") (internal citation omitted); *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008); *Homer v. Jones-Bey,* 415 F.3d 748, 752 (7th Cir. 2005); *In re Graves*, 33 F.3d 242, 251 n.16 (3d Cir. 1994) (noting that the court "give[s] weight to an objective indication that process has been served"). The presumption of valid service, however, may be rebutted if the defendant demonstrates that service was not received. *See Blair*, 522 F.3d at 111-12; *Homer,* 415 F.3d at 752. Because Plaintiff has provided *prima facie* evidence that Defendants were properly served with process, the burden shifts to Defendants to prove that service was not properly effectuated.

In response, Defendants contend that Gade was not personally served. In support of this, Defendants provided a signed Certification of Nagireddy Pallapolu, dated February 3, 2015, ("Pallapolu Cert.") (Dkt. No. 12-1), Gade's father, and a signed Certification of Defendant Kanigiri Gade, dated February 3, 2015, ("Gade Cert.") (Dkt. No. 12-1).[1] Pallapolu certifies that the North Brunswick property is currently used as a rental property. (Dkt. No. 12-1, Pallapolu Cert., at ¶3). He explains that he visits the property every six to eight weeks or so to check on the property and tenants. (*Id.*, at ¶4). Pallapolu explains that his last visit was approximately two weeks ago[2] and that he had not been to the property since Thanksgiving of 2014. (*Id.*, at ¶5). It was during this trip that the tenant handed him the papers in this case, which he then gave to his daughter, Gade. (*Id.*, at ¶¶5-6). Gade also certified that she has not lived at the North Brunswick property since 2007, and that she has not been to the property in quite some time. (Dkt. No. 12-2, Gade Cert., ¶¶3-4). She also explains that she was not aware of the suit until her father gave her the papers. (*Id.,* at ¶5). Gade also explains that she has owned and operated the property in question since 2003 and that in the past any and all notices concerning the property at issue were always sent to the property at issue, which is located in Virginia. (*Id.*, at ¶8).

The Court is not convinced that Defendants had actual notice of the instant action prior to January 2015. These Certifications raise doubt as to whether Gade was properly served in this case and are sufficient to rebut the presumption of valid service. *See*, *e.g.*, *Blair*, 522 F.3d at 112 (holding that the defendant's affidavits were sufficient to

---

[1] Defendants recently re-filed the Certifications because when they were initially filed, counsel erroneously mixed up the second pages, attaching page two of the Certification of Nagireddy Pallapolu to the Certification of Kanigiri Gade and vice versa. (Dkt. No. 12).
[2] Approximately two weeks before February 3, 2015 would be around January 20, 2015.

rebut the *prima facie* presumption created by a return of service). Accordingly, the Court finds that the entry of default was not a result of Defendants culpable conduct.

Finally, the Court notes that setting aside default in this case is consistent with longstanding Third Circuit precedent that disfavors default judgments in favor of resolving disputes on the merits. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003) ("Our Court 'does not favor entry of defaults or default judgments,' . . . as it prefers adjudications on the merits.") (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 194)); *Hritz v. Woma Cor.,* 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed on the merits when practicable."). Accordingly, Defendants' Motion to Vacate Default is **GRANTED**.

### IV.  CONCLUSION

For the foregoing reasons,

**IT IS** on this **20th** day of **July, 2015**

**ORDERED** that Defendants' motion to vacate default is **GRANTED**; and it is further

**ORDERED** that default is hereby **VACATED**; and it is further

**ORDERED** that the Clerk of Court is directed to terminate the aforementioned motion (Dkt. No. 10) accordingly; and it is further

**ORDERED** that the Clerk of Court is directed to terminate Plaintiff's Motion for Entry of Final Judgment (Dkt. No. 8), as such motion is now moot; and it is further

**ORDERED** that Defendants shall file an Answer to the Complaint by **July 27, 2015.**

  **IT IS SO ORDERED.**

                                             s/ James B. Clark, III
                                             **JAMES B. CLARK, III**
                                             **United States Magistrate Judge**